## Garbarino v. American Bank & Trust Co.

*William H.R. Casey,* for plaintiff.
*Carl D. Cronrath,* for defendant.

GARB, *J.*, January 4, 1982—In this declaratory judgment action petitioner seeks a declaration that her interest in a certain motor vehicle which she purchased in good faith is superior to an encumbrance thereon held by respondent. Unfortunately and reluctantly we determine that such declaration cannot be made.

Petitioner purchased the motor vehicle in question, a used motor vehicle in June of 1979 from Marshall Oldsmobile, AMC/Jeep, Inc. in Quakertown, Pa. Marshall, at that time, was a recognized automobile dealer. The motor vehicle was purchased from the Marshall lot. Petitioner paid for the motor vehicle in full by cash and financing a portion thereof.

At the time of the purchase by petitioner the motor vehicle was encumbered to respondent as a result of a loan made by respondent to the previous owner at the time of his purchase. The encumbrance, therefore, was not created by Marshall Oldsmobile. After the purchase by petitioner Marshall purported to pay the encumbrance in order to clear title but, unfortunately, Marshall's check was

returned for insufficient funds and Marshall has never, to this date, paid off the encumbrance.

Section 9307(a) of the Uniform Commercial Code provides that a buyer in ordinary course of business takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence. Obviously, this section does not aid the petitioner herein, although she is a buyer in the ordinary course of business as that term is defined in section 1201, because the security interest was not created by her seller. Subsection (2) of section 9307 provides that a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value, unless prior to the purchase the secured party has filed a financing statement covering such goods. Although a financing statement was not filed in this case, the encumbrance was noted upon the certificate of title issued by the Pennsylvania Department of Transportation and the certificate itself with the encumbrance thereon noted has been held, at all relevant times, by respondent. Therefore, respondent's security interest was perfected under and pursuant to the relevant provisions of the Vehicle Code. See 75 Pa.C.S.A. § 1106(c). Section 9302 provides that a financing statement must be filed to perfect all security interests with certain exceptions. The notes thereto inform us that notation on the certificate of title of the vehicle pursuant to the requirements of the Vehicle Code are adequate notices to creditors and purchasers that a lien exists. In referring to section 9302 the comments to section 9307 point out that the filing provisions of section 9302 do not apply when a state has enacted a certain type of certificate of title law. Therefore, where motor vehicles are concerned, in a state hav-

ing such a certificate of title law, as does Pennsylvania, perfection will be under that certificate of title law.

Our opinion in Bozzo v. Key Mobile Home, Inc., 33 Bucks 27 (1978) is clearly distinguishable. There the chattel in question was a mobile home rather than a motor vehicle. The licensing provisions regarding mobile homes are contained in the Mobile Home Titling Act, 68 Pa.C.S.A. §1001 et seq. That act provides for certificates of title for mobile homes but makes no provision whatsoever for the acquisition of or recording of rights of security holders in derogation of or as distinguished from any other Act of Assembly. Therefore, in that case the question was the application of section 9307 to the rights of the contesting parties and it was held therein that the purchaser took a superior interest to that of the claimed lien holder in view of the fact that he had purchased the mobile home from the lot of the person creating the security interest.

For the foregoing reasons we enter the following

### ORDER

And now, January 4, 1982, it is hereby ordered that respondent herein shall continue to hold and have any and all rights of a secured creditor as provided by law in the subject motor vehicle.